UNITED STATES DISTRICT COURT                          For Online Publication Only
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THOMAS KLOS,

                          Plaintiff,                          ORDER
          - against -                          13-CV-5449 (JMA) (ARL)

JOHN BLIGH, CHESTER CLARK, KARISSA
KARN, ROBERT PHANEUF, JOHN DOE, THE
LEGAL AID SOCIETY OF NASSAU COUNTY,
JANE DOE, and CHILD PROTECTIVE SERVICES,
*each in their official and individual capacities*,

                          Defendants.
-----------------------------------------------------------------------X
**AZRACK, United States District Judge:**

     *Pro se* plaintiff Thomas Klos brings this action pursuant to 42 U.S.C. § 1983 against various defendants.  On July 31, 2014, the Honorable Sandra F. Feuerstein issued a decision that: (1) granted plaintiff's request to proceed *in forma pauperis*; (2) allowed plaintiff's claims against certain defendants to proceed; (3) dismissed plaintiff's claims against certain defendants with prejudice; (4) permitted plaintiff to file an amended complaint within 30 days to name Nassau County as a defendant; (5) directed the Nassau County Attorney to provide files from Child Protective Services so that that the complaint could be amended to correctly identify defendant Jane Doe; and (6) denied plaintiff *in forma pauperis* status for the purpose of any appeal.

     On August 29, 2014, plaintiff filed a notice of appeal concerning Judge Feuerstein's July 31, 2014 order.  Since August 29, 2014, plaintiff has not filed any documents with this Court.

     On September 16, 2014, the Nassau County Attorney provided the names of certain investigators involved in the investigation conducted by Child Protective Services.  On October 9, 2014 and February 11, 2015, defendants filed letters requesting that this case be dismissed

with prejudice because plaintiff never filed an amended complaint after Judge Feuerstein's July 31, 2014 order.  Plaintiff never responded to those letters.

On January 16, 2015, this case was reassigned from Judge Feuerstein to the undersigned. In order to inform plaintiff of the reassignment, the Clerk's Office mailed updated copies of the docket sheet to plaintiff.  On March 2, 2015, that mailing was returned to the Clerk's Office as undeliverable.

In a mandate issued November 10, 2014, the Second Circuit dismissed plaintiff's appeal because plaintiff failed to pay the filing fee or to move for *in forma pauperis* status.  On April 13, 2015, plaintiff filed a letter with the Second Circuit concerning his appeal.  In response, the Second Circuit informed plaintiff that his appeal is closed and that he must file a motion to recall the mandate and reinstate his appeal.  On May 4, 2015, plaintiff filed those motions.  On May 7, 2015, the Second Circuit informed plaintiff that those filings were defective due to various omissions.  To date, plaintiff has not filed anything further with the Second Circuit.  On June 2, 2015, the Second Circuit struck plaintiff's motions for failing to comply with filing requirements.

As a threshold matter, this Court has jurisdiction over this case.  Plaintiff's appeal is no longer pending as the Second Circuit issued a mandate dismissing the appeal in November 2014 and the Second Circuit has not recalled the mandate or reinstated plaintiff's appeal.  Moreover, because plaintiff's appeal was improper, this Court never lost jurisdiction over this case.[1]

---

[1] Although a notice of appeal ordinarily divests a district court of jurisdiction, this rule does not apply where an appeal is frivolous, untimely, unauthorized, or otherwise defective.  See United States v. Rodgers, 101 F.3d 247, 251–52 (2d Cir. 1996); Montgomery v. United States, No. 12-CV-527, 2013 WL 938039, at *1–2 (N.D.N.Y. Mar. 11, 2013).  Except in limited circumstances, only final decisions of a district court may be appealed.  See 28 U.S.C. § 1291.  Judge Feuerstein's July 31, 2014 opinion was not a final decision and a partial judgment as to the dismissed parties was not issued under Federal Rule of Civil Procedure 54(b).  Additionally, this Court did not certify or authorize an interlocutory appeal in this case under 28 U.S.C. § 1292.  Because plaintiff's appeal was improper, this Court maintains jurisdiction over this action.  See Montgomery, 2013 WL 938039, at *1–2; Ifill v. Goord, No. 03-CV-355, 2006 WL 3030788, at *1 (W.D.N.Y. Oct. 25, 2006).

Because the recent mailing from the Clerk's Office to plaintiff was returned as undeliverable, **plaintiff is directed to file a letter with this Court, by June 30, 2015**, **confirming his current address.**  Failure to provide a current address to the Court by June 30, 2015 will result in this case being dismissed.  **In addition, plaintiff's letter to the Court must also explain why this case should not be dismissed, with prejudice, for failure to prosecute.** Since filing his notice of appeal on August 29, 2014, plaintiff has not taken any action in this Court to prosecute this case.

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff.

SO ORDERED.

_____/s/ (JMA)_____

JOAN M. AZRACK
United States District Judge

Dated: June 10, 2015
   Central Islip, New York